UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSALIE GUANCIONE©,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JAIME ESPINOZA,<br><br>　　　　　Defendant. | Case No. 23-cv-01935-BLF<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS AND DISSOLVE TRO**<br><br>[Re: ECF Nos. 11, 14, 15, 18, 19] |

Now before the Court for consideration are the motions to strike removal and to remand filed by Plaintiff Rosalie Guancione© ("Plaintiff") and the motion to dismiss for lack of subject matter jurisdiction and to dissolve the civil Temporary Restraining Order ("TRO") filed by Defendant Jaime Espinoza[1] ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for September 21, 2023. *See* ECF No. 11. For the following reasons, Plaintiff's motion to remand is DENIED and Defendant's motion to dismiss is GRANTED.

**I.　BACKGROUND**

On or about April 3, 2023, Plaintiff filed "EA-100 Request for Elder or Dependent Adult Abuse Restraining Order" in Santa Clara County Superior Court against Jaime Espinoza. Notice of Removal, ECF No. 1 ("NOR") ¶ 1, Ex. A at 2-3. In the Request for Elder or Dependent Adult Abuse Restraining Order, Plaintiff alleges Espinoza abused her in 2019 when he was one of four burglars who brandished pistols while breaking and entering her property and demanding her

---

[1] Defendant Jaime Espinoza has been improperly named Jaime Espinosa throughout Plaintiff's papers. *See* Declaration of Adrienne Zack, ECF No. 21-1 ("Zack Decl."), Ex. A.

1  tenants leave the premises.  NOR, Ex. A at 13.  Plaintiff asked the court to forbid Espinoza from
2  burning her house down or using incendiary devices directed at her property, located at 560 Hobie
3  Lane, San Jose, California.  NOR, Ex. A at 15.  She further requested stay-away orders and
4  alleged that Defendant possessed a firearm.  NOR, Ex. A at 15, 16.

On April 6, 2023, the state court granted Plaintiff a TRO as requested in the Form EA-100 which would remain in effect until an April 24, 2023, hearing.  NOR, Ex. A at 2-10.  Specifically, the TRO stated that Espinoza may "not burn down or use incendiary devices against" Plaintiff or the property; that Espinoza must stay 100 yards away from Plaintiff, her home, and her vehicle; that Espinoza must sell or store his firearm and file a receipt with the Court; and that Espinoza must stay away from Plaintiff's dogs.  NOR, Ex. A at 5-7.

On April 21, 2023, the Government removed the action to this court under 28 U.S.C. § 1442(a)(1) alleging that this action is against a federal employee and the TRO arises out of and relates to his federal duties.  NOR at 1.  The Government provided a "Scope of Federal Employment Declaration," which states that Espinoza was employed as a Deputy U.S. Marshal ("DUSM") with the U.S. Marshals Service for the Northern District of California in October 2019.  Scope of Federal Employment Declaration, ECF No. 1-2 ("FE Decl.") ¶ 2.  The Declaration states that on October 29, 2019, DUSM Espinoza and three other U.S. Marshals were assigned to assist the Internal Revenue Service ("IRS") in executing a court-ordered real estate foreclosure and judicial sale at 560 Hobie Lane, San Jose, California.  FE Decl. ¶¶ 5, 6; *see also United States v. Kubon*, No. 4:18-cv-4788-PJH (N.D. Cal.) at ECF No. 68 (Order of Foreclosure and Judicial Sale).  The Declaration further states that Espinoza and the other Marshals were present at the subject property in furtherance of a legitimate governmental purpose and were performing duties of their assignment within the scope of their employment.  FE Decl. ¶ 9.

On April 28, 2023, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and to dissolve the TRO.  ECF No. 11 ("MTD").  Plaintiff filed an opposition, and Defendant filed a reply.  *See* ECF Nos. 20, 22.

On May 3, 2023, Plaintiff filed a motion to remand and a motion to strike the notice of

1  removal.[2]  *See* ECF Nos. 14, 15.  Plaintiff subsequently filed two amended motions to remand.

2  *See* ECF Nos. 18, 19.  The original motion to remand and the first amended motion to remand are

3  moot, as superseded by the second motion to remand.  *See* ECF No. 19.  Defendant filed an

4  omnibus opposition to Plaintiff's motions.  ECF No. 21.  Plaintiff did not submit a reply, and the

5  time to do so has expired.

6  The Court will address additional facts as necessary in the analysis.

**II.  DISCUSSION**

**A.  Removal was Proper Under 28 U.S.C. § 1442(a).**

28 U.S.C. § 1442(a)(1) allows "any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity," to remove to federal court a civil action against the officer "for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).  "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."  *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).  To qualify for removal under the statute, "an officer of the federal courts must raise a colorable federal defense, . . . and establish that the suit is '*for* an[] act under color of office.'"  *Id.* (emphasis in original) (citation omitted) (quoting 28 U.S.C. § 1442(a)(3)).  The purpose of the federal officer removal statute is to allow the defense to be adjudicated in a federal forum.  *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).  Removal jurisdiction under § 1442 is broadly construed in favor of removal, and "removal rights under § 1442 are much broader than those under § 1441."  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006).

To satisfy the "for or relating to any act under color of office" requirement, "the officer must show a nexus, a 'causal connection between the charged conduct and asserted official authority.'"  *Jefferson Cnty.*, 527 U.S. at 431 (quoting *Willingham*, 395 U.S. at 409).  To satisfy the federal defense requirement, the removing defendant need only show there is a legitimate

---

[2] The Court notes that a motion to strike removal is not procedurally proper.  It will treat the motion to strike removal together with the motion to remand as they both seek to remand the case to state court.

question of federal law to be decided regarding the validity of the defense; the removing defendant need not prove the defense is meritorious. *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014).

Challenges to the existence of removal jurisdiction should be resolved within the same framework as challenges to jurisdiction under Rule 12(b)(1). *Leite*, 749 F.3d at 1122. That is, "[l]ike plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Id.* (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (per curiam)). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Id.* Like under Rule 12(b)(1), "a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations." *Id.* "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* at 1121 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039).

The Government alleges Defendant meets both requirements for removal under § 1442. Regarding the "for or relating to any act under color of office" requirement, the Government alleges that the conduct Plaintiff complains of relates to a court-ordered eviction in which Defendant participated in the course of his employment as a Deputy U.S. Marshal. NOR ¶ 10. Mark Kolc, the Chief Deputy United States Marshal for the United States Marshals Service, Northern District of California has declared under penalty of perjury that Espinoza was a federal employee acting within the scope of his federal employment during the events at Hobie Lane in October 2019, which form the basis of Plaintiff's TRO request. FE Decl. ¶¶ 5-9. The Government further asserts that Defendant satisfies the federal defense requirement because Defendant can assert the defenses of sovereign immunity and the Supremacy Clause, which are colorable federal

4

1    defenses. NOR ¶ 10.

2      Plaintiff contests Defendant's jurisdictional allegations arguing that "there is no mention of
3    Defendant being a federal Marshall in Plaintiff's Complaint," and Defendant cannot remove the
4    case by "add[ing] to Plaintiff's complaint some language or condition that simply is not there."
5    Motion to Strike Removal, ECF No. 15 ("Mot. Strike") at 2. Plaintiff's argument is not a proper
6    facial attack on the Government's jurisdictional allegations, which are sufficient on their face to
7    support removal jurisdiction under § 1442(a)(1). Nor has Plaintiff raised a factual attack by
8    contesting the truth of Defendant's jurisdictional allegations. Plaintiff does not submit argument
9    or evidence disputing the facts presented by Defendant regarding the event at Hobie Lane in 2019
10   nor does she contest the existence of a colorable federal defense or the requisite causal nexus.
11   Thus, Plaintiff has failed to show that removal under § 1442 was improper.

12     Plaintiff contends removal was improper for several other reasons. First, Plaintiff contends
13   that remand is appropriate because the Complaint does not involve a federal question and the
14   parties are not diverse. Mot. Strike at 2. But as discussed above, the Government removed this
15   action under § 1442, which creates removal jurisdiction even as to cases that otherwise could not
16   be commenced in or removed to federal court because they lack diversity or because the
17   Complaint lacks a federal question on its face. *See Jefferson Cnty.*, 527 U.S. at 431.

18     Next, Plaintiff asserts Defendant's removal was procedurally improper because Defendant
19   did not remove and serve the removal within the required time frame. Mot. Strike at 2. This
20   statement is incorrect as Defendant's removal was timely under § 1446(b)(1), which requires
21   removal within 30 days after Defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1).
22   Plaintiff filed the state court action on April 3, 2023. NOR ¶ 1. Defendant received the initial
23   pleading on April 10, 2023, and removed on April 21, 2023, within the 30-day window. *See*
24   *generally* NOR; ECF No. 21 ("Omnibus Opp.") at 1. Finally, Defendant provided sufficient
25   notice of removal. Section 1446(d) requires that promptly after filing the notice of removal, the
26   defendant must give written notice of the removal to all adverse parties and file a copy of the
27   notice with the clerk of the state court. Defendant filed a notice of the notice of removal in Santa
28   Clara County Superior Court on April 21, 2023. Declaration of Adrienne Zach, ECF No. 21-1

("Zach Decl.") ¶ 2; Ex. A.  Plaintiff was sent a copy of the notice of removal and notice to state court via Federal Express to the address listed on the state court Request for Elder or Dependent Adult Abuse Restraining Order on April 21, 2023.  *See* ECF No. 2 (Certificate of Service).  To the extent Plaintiff objects to service via Federal Express, *see* Mot. Strike at 3, she was not prejudiced because she received actual notice, as evidenced by her filing a Declination of Magistrate Judge Jurisdiction on April 25, 2023, *see* ECF No. 6.  After Plaintiff filed a Notice of Address Update on April 26, 2023, *see* ECF No. 10, Defendant sent another copy of these papers to Plaintiff's Post Office Box on May 5, 2023, which is also within the 30-day timeline, *see* ECF No. 17.  The Court finds proper notice was provided under § 1446.

The Court finds the Government's allegations, substantiated by the scope of the Federal Employment Declaration, establish that the colorable federal defense and causal nexus requirements for removal jurisdiction have been met.  Thus, removal was proper under § 1442.  The Court also concludes that Defendant complied with the procedures for removal.  Plaintiff's motion for remand and motion to strike removal are DENIED.

**B.     The Court Grants the Motion to Dismiss and Dissolves the TRO.**

Defendant moves for an order dissolving the civil TRO issued by Santa Clara County Superior Court because it has expired on its face and because the state court lacked jurisdiction to enter it.  *See* MTD.  Defendant also argues the case should be dismissed under the doctrine of derivative jurisdiction.  MTD at 7.

In cases removed under § 1442, like this one, the federal court's jurisdiction is derivative of the state court's jurisdiction.  *In re Elko Cnty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *see also Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015).  "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922).  Thus, if the state court lacked jurisdiction over a given matter, the case was a nullity when filed and the district court could not acquire jurisdiction through removal under § 1442.  *See F.B.I. v. Superior Ct. of Cal.*, 507 F. Supp. 2d 1082, 1090 (N.D. Cal. 2007).  Though Congress eliminated the doctrine of derivative jurisdiction for actions removed under 28 U.S.C. § 1441, *see* 28 U.S.C. § 1441(f), the doctrine

remains applicable to removals under § 1442. *Acosta v. Kijakazki*, No. 22-55288, 2023 WL 3033499, at *1 (9th Cir. Apr. 21, 2023) (citing *Cox*, 800 F.3d at 1032.). The Government asserts that sovereign immunity and the Supremacy Clause deprived the state court of jurisdiction to enter the TRO, and thus this Court acquired none upon removal. MTD at 7-10.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "An action seeking a judgment that would 'interfere with the public administration' or 'restrain the Government from acting' constitutes a suit against the United States." *Figueroa v. Baca*, No. ED CV 17-1471 PA (AGRx), 2018 WL 2041383, at *2 (C.D. Cal. Apr. 30, 2018) (quoting *Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969)). Likewise, "[a]n action against a government employee constitutes a suit against the United States assuming it would have one of these effects." *F.B.I.*, 507 F. Supp. 2d at 1094; *see also Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) ("A suit against a government officer in her official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))). Courts have found similar applications for civil harassment restraining orders to be barred by sovereign immunity. *See Kline v. Johns*, No. 21-cv-03924-KAW, 2021 WL 3555734, at *2 (N.D. Cal. Aug. 2, 2021), *appeal dismissed*, No. 21-16316, 2021 WL 7442177 (9th Cir. Dec. 7, 2021); *Figueroa*, 2018 WL 2041383, at *3 (collecting cases).

Here, the conduct that is the basis of Plaintiff's TRO request occurred when Espinoza, acting within the scope of his employment as a DUSM, was assisting the IRS with a court-ordered eviction at 560 Hobie Lane. Plaintiff does not contest that the actions complained of were those taken on October 29, 2019, when Espinoza and other DUSMs were present at Hobie Lane to assist the IRS with eviction and foreclosure proceedings. Further, Plaintiff does not contend, and the record does not suggest, she had any interaction with Espinoza outside of his capacity as a federal employee. Indeed, Plaintiff asserts she only knows of Espinoza through a San Jose police report and statements from her tenants. NOR, Ex. A at 12, 13. Thus, Plaintiff has not established that

this action should not be treated as one against the United States or that there has been an express waiver of sovereign immunity. Thus, the state court lacked jurisdiction to issue the TRO due to sovereign immunity, and pursuant to the doctrine of derivative jurisdiction, this Court lacks jurisdiction and must dismiss this case. Accordingly, the Court dissolves the TRO and dismisses the case.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand and motion to strike are DENIED; and
2. Defendant's motion to dissolve the TRO and dismiss is GRANTED.

The Clerk SHALL close the file.

Dated: July 14, 2023

_____
BETH LABSON FREEMAN
United States District Judge